## GEORGE RENTZ v. J. W. HURST AND ANOTHER.[1]

November 9, 1923.

No. 23,496.

**Because of his breach of contract, payee cannot recover on note.**

The plaintiff sold the defendants a patent right for which they gave a note. It was an essential term or condition of the contract of sale that the plaintiff would work for the defendants in the manufacture of the patented article, a process which he understood and which they did not. He breached his contract, the defendants could not get the requisite skilled service, and the project failed. *Held,* that because of his breach the plaintiff cannot recover on the note.

Action in the district court for Blue Earth county to recover $3,500 on a promissory note. The case was tried before Comstock, J., who made findings and dismissed the action. From an order denying his motion for judgment notwithstanding the decision or for a new trial, plaintiff appealed. Affirmed.

*William F. Hughes* and *J. A. Baker,* for appellant.

*Joseph J. Moriarity* and *Albert Schaller,* for respondents.

DIBELL, J.

Action to recover $3,500 on a promissory note. There were findings for the defendants. The plaintiff appeals from the order denying his motion for a new trial.

The note was given by the defendants to the plaintiff upon the purchase of a patent right on a fountain pen. The defendants knew

[1]Reported in 195 N. W. 771.

nothing about the process of manufacture. The plaintiff agreed, as a part of the contract of sale, that he would, upon notice, work for the defendants at a stated salary in the manufacture of the pens. They called for his services. He refused to work as he had agreed. Without him the defendants could do nothing, and the patent right was of no use to them. They equipped a small factory, and made an effort to manufacture. They could not get the requisite skilled service. Their efforts came to nothing, and they were financial losers.

Under the facts stated the determination of the legal rights of the parties is not difficult. The agreement of the plaintiff to work for the defendants and manufacture the pens, a business which he understood and which they did not, was an essential term or condition of the contract. It was understood to be so. He breached it, and the failure of the undertaking came as the natural result. The defendants, the plaintiff having breached an essential element of the contract, cannot be required to perform by paying the $3,500. The plaintiff cannot recover.

The defendants received a bill of sale of the patent. It has not been transferred at the patent office. The defendants make no claim to it. The plaintiff is at liberty to have it. If a reassignment is desired the court can require it.

We do not consider other defenses urged by the defendants. The errors assigned in the rulings on testimony do not affect the defense upon which the affirmance is placed.

Order affirmed.